**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-40705**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee-Cross-Appellant,**

**versus**

**LEONDRUS MCBRIDE, JR.,**

**Defendant-Appellant-Cross-Appellee,**

**PAUL MAYWEATHERS,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**USDC No. 1:96-CR-101-1**

**July 31, 1998**

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Leondrus McBride, Jr. and Paul Mayweathers appeal their convictions for conspiracy and possession of cocaine base with intent to distribute. The Government cross-appeals McBride's sentence.

I.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With the assistance of a cooperating witness, state and federal law enforcement authorities arrested McBride and Mayweathers while they were in the process of "cooking", and preparing to distribute, crack cocaine. Indicted on charges of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and possession of cocaine base, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), they were tried and convicted on both counts. McBride was sentenced, *inter alia*, to 360 months imprisonment; Mayweathers, to 324 months.

## II.

## A.

McBride and Mayweathers have filed motions challenging the adequacy of their representation on appeal. McBride requests the appointment of new appellate counsel; authorization to file, *pro se*, a supplemental appellate brief; and to dismiss his appeal without prejudice pending preparation of new appellate briefs. Mayweathers also requests the appointment of new appellate counsel; authorization to file, *pro se*, a supplemental appellate brief; and an order directing his counsel to allow him access to his trial record.

Needless to say, counsel is not required to raise all nonfrivolous issues on appeal, even if a defendant specifically requests that a particular issue be raised. *See **Jones v. Barnes***,

463 U.S. 745, 750-54 (1983); *Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991). Moreover, neither McBride nor Mayweathers has requested to represent himself on appeal, and a defendant is not entitled to bifurcated representation. *See* *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). Accordingly, the defendants' motions are **DENIED**.

## B.

### 1.

McBride contends that the evidence is insufficient to support his convictions and that the district court erred by excluding from evidence sexually explicit photographs of the above-referenced cooperating witness.

Of course, in reviewing a sufficiency of the evidence challenge, our standard of review is whether, viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *E.g., United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), *aff'd*, 462 U.S. 356 (1983). Based upon our review of the record, the evidence overwhelmingly supports McBride's convictions. *Id.* Moreover, the district court did not abuse its discretion in excluding the photographs from evidence. *See United States v. Humphrey*, 104 F.3d 65, 69-70 (5th Cir.), *cert.*

*denied*, 117 S. Ct. 1833 (1997). And, even had there been error, it would have been harmless. *Id*.

2.

Mayweathers contends that the district court erred by limiting his cross-examination of a government witness, and that the district court gave an erroneous reasonable doubt instruction.

As is well known, "[r]ulings limiting the scope or extent of cross-examination are committed to the sound discretion of the trial court and are reviewed only for abuse of discretion." *See United States v. Coleman*, 997 F.2d 1101, 1105 (5th Cir. 1993), *cert. denied*, 510 U.S. 1077 (1994). Even assuming that the district court erred in limiting the cross-examination, such error was harmless. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

We review an instruction to determine whether, as a whole, it clearly and correctly states the law as applied to the facts of the case. *See United States v. Lara-Velasquez*, 919 F.2d 946, 950 (5th Cir. 1990). The district court correctly instructed the jury regarding reasonable doubt. *See United States v. Williams*, 20 F.3d 125, 129 n.2 (5th Cir.), *cert. denied*, 513 U.S. 891 (1994).

C.

By cross-appeal, the Government contends that the district court erred by not enhancing McBride's sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(person convicted of controlled substance

- 4 -

offense subject to mandatory life sentence if he has two prior convictions for felony drug offenses which have become final). McBride counters that the enhancement notice was insufficient; that the sentence enhancement provision constitutes cruel and unusual punishment, and is vague and overbroad; and that his prior convictions constituted a "single criminal episode" for sentence enhancement purposes.

We will uphold a sentence unless it "(1) was imposed in violation of law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." *United States v. Sandle*, 123 F.3d 809, 810 (5th Cir. 1997). And, we review *de novo* whether a sentence should be enhanced; the factual findings relative to sentence enhancement are reviewed for clear error. *Id.*; *United States v. Wimbish*, 980 F.2d 312, 313 (5th Cir. 1992), *cert. denied*, 508 U.S. 919 (1993).

The district court sustained McBride's objections to the enhancement on grounds that notice of the enhancement was insufficient; the enhancement constitutes cruel and unusual punishment; the enhancement provision is unconstitutional as overbroad and vague; and McBride's prior convictions constituted one criminal episode. Based upon our review of the record, we hold that the district court erred in refusing to enhance McBride's

sentence, and that, as required by 21 U.S.C. § 851(a), McBride received adequate notice prior to trial of the Government's intent to seek an enhancement. *See* **United States v. Steen**, 55 F.3d 1022, 1025-28 (5th Cir.), *cert. denied*, 516 U.S. 1015 (1995); **United States v. Gonzales**, 79 F.3d 413, 426 (5th Cir.), *cert. denied*, 117 S. Ct. 183 (1996).

Furthermore, our court has held that it is does not constitute cruel and unusual punishment to sentence a defendant to life without parole. *See* **United States v. Fragoso**, 978 F.2d 896, 903 (5th Cir. 1992), *cert. denied*, 507 U.S. 1012 (1993). We also reject McBride's contention that the § 841 sentence enhancement provision is vague and overbroad. *See* **Buckley v. Collins**, 904 F.2d 263, 266 (5th Cir.), *cert. denied*, 498 U.S. 990 (1990); **United States v. Wicker**, 933 F.2d 284, 287 (5th Cir.), *cert. denied*, 502 U.S. 958 (1991). Finally, McBride's prior convictions do not constitute a "single criminal episode" for enhancement purposes. *See* **United States v. Speer**, 30 F.3d 605, 613 (5th Cir. 1994), *cert. denied*, 513 U.S. 1098 (1995).

## III.

For the foregoing reasons, McBride's and Mayweathers' convictions are **AFFIRMED**; Mayweathers' sentence is **AFFIRMED**; McBride's sentence is **VACATED** and his case **REMANDED** to the district court for sentencing consistent with this opinion.

*MOTIONS DENIED; CONVICTIONS AFFIRMED;*

- 6 -

*MAYWEATHERS' SENTENCE AFFIRMED;*

*MCBRIDE'S SENTENCE VACATED AND REMANDED*